Michael W. Sobol (CA 194857)
msobol@lchb.com
Nimish R. Desai (CA 244953)
ndesai@lchb.com
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  415.956.1000
Facsimile:  415.956.1008

Nicholas Diamand
ndiamand@lchb.com
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Telephone:  212.355.9500
Facsimile:  212.355.9592

Hank Bates (CA 167688)
hbates@cbplaw.com
jwilliams@cbplaw.com
CARNEY BATES & PULLIAM PLLC
11311 Arcade Drive, Suite 200
Little Rock, AR  72212
Telephone:  501.312.8500

Bradley S. Clanton
brad@clantonlegalgroup.com
CLANTON LEGAL GROUP PLLC
627 Mohawk Avenue
Jackson, MS 39216
Telephone:  601-454-8794
Facsimile:  866-421-9918

*Attorneys for Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ANTHONY HENSON and WILLIAM CINTRON,<br><br>     Plaintiffs,<br><br>v.<br><br>TURN, INC.,<br><br>     Defendant. | Case No. 4:15-cv-1497-JSW<br><br>**PLAINTIFFS' OPPOSITION TO MOTION OF CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS FOR LEAVE TO FILE A BRIEF AS *AMICUS CURIAE* IN SUPPORT OF DEFENDANT TURN INC.'S MOTION TO DISMISS (OR IN THE ALTERNATIVE TO STAY) THIS ACTION TO COMPEL ARBITRATION**<br><br>Date:        August 21, 2015<br>Time:       9:00 AM<br>Courtroom: 5<br>Before:     Hon. Jeffrey S. White |

## I. INTRODUCTION

The motion of Cellco Partnership d/b/a Verizon Wireless ("Verizon") for leave to file an amicus brief in support of Defendant Turn Inc.'s ("Turn") motion to dismiss or, in the alternative, to stay this action to compel arbitration, should be denied. Verizon gives no sufficient reason for permitting its amicus brief, and even if it had, its proposed brief simply restates Turn's positions, an impermissible tactic court courts call an "abuse" of the amicus process.

## II. ARGUMENT

This Court has the discretion to reject a party's request to appear as amicus curiae. *Merritt v. McKenney*, No. 13-01391, 2013 U.S. Dist. LEXIS 122009, at *9 (N.D. Cal., Aug. 27, 2013) (White, J.) ("The privilege of being heard amicus rests solely within the discretion of the court.") (citation omitted) (denying motion for leave to file amicus brief); *United States v. Michigan*, 940 F.2d 143, 165 (6th Cir. 1991) ("[P]articipation as an amicus to brief and argue as a friend of the court was, and continues to be, a privilege within 'the sound discretion of the courts[.]'" (citation omitted)).

Verizon gives three reasons why its request should be granted, all of them insufficient. *First*, Verizon claims that as the drafter of the arbitration provision, it has some expertise and experience relevant to the motion. Verizon Motion for Leave ("Motion"), Doc. 29 at 2. However, contract interpretation is a legal issue for the Court (*Fennie v. E-Fuel Corp.*, No. 5:13-cv-04687-PSG, 2014 U.S. Dist. LEXIS 53254, *8 (N.D. Cal. Apr. 16, 2014)), and Verizon has no special claim to that analysis, even as to its own contracts. The Court and the parties are perfectly capable of reviewing Verizon's contract to see whether Turn was named as a beneficiary of the arbitration clause (it was not), or whether Verizon considered Turn its "agent" in their separate contract (it did not). Indeed, as alleged in the Complaint, Verizon openly distanced itself from Turn after Turn's zombie cookie program became public. Doc. 1, Complaint ¶ 62. To the extent Verizon has unique facts in its possession, it can and has already provided them via declaration. Motion, Doc. 29 at 3 n.1.

***Second***, Verizon claims a "strong interest" in the interpretation and enforcement of the arbitration provision. However, this case has nothing to do with the enforceability of the provision as between Verizon and its subscribers. Verizon also claims that an adverse ruling could impact its "relationship with other business partners" (Motion at 3), but Verizon's interest in assisting its business partners is irrelevant to whether Turn can hide behind an arbitration clause to which it is not a party. Further, Verizon's interest in the enforceability of its arbitration clause by hypothetical third parties not named in the clause is not the type of "interest" that warrants an amicus brief.[1]

***Third***, Verizon seeks leave to file an amicus because it would like to avoid being involved in the case as a non-litigant. *Id*. at 3. Presumably, Verizon would have the Court rewrite the arbitration clause so that a customer cannot bring any lawsuit that may threaten to subject Verizon to third-party discovery. At any rate, this concern is irrelevant to the equitable estoppel issue raised by Turn's motion, and, therefore, adds nothing of value for the Court's consideration.

Finally, even if Verizon had made out a case for permitting its amicus brief, it is an "abuse" of the amicus process to simply "duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief." *Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997) (Posner, J.). *See also In re Dynamic Random Access Memory Antitrust Litig.*, No. M 02-1486 PJH, 2007 U.S. Dist. LEXIS 101249, *38 (N.D. Cal. July 9, 2007) (a third party is "prohibited from assuming the functions of a party" under the guise of filing an amicus). Yet, the bulk of Verizon's proposed brief is a duplication of Turn's brief, save two paragraphs at the end on its irrelevant concern over being subjected to third party discovery. *See* Proposed Brief by Verizon, Doc. 29.1. This abusive tactic should not be permitted.

//

---

[1] The cases Verizon cites in its motion prove the point. In *Micron Infineon Techs. N. Am. Corp. v. Mosaid Techs., Inc.*, 2006 U.S. Dist. LEXIS 81506, *7 (N.D. Cal. Oct. 23, 2006), the court permitted amicus briefs from parties who had secured a favorable patent claim construction in related litigation in another court, only to have the impact of that ruling threatened by procedural gamesmanship in the case at hand. In *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1063 (N.D. Cal. 2005), the court permitted amicus from an Indian tribe, where the defendant allegedly tortiously interfered with the plaintiff's contract with that tribe. In addition to the direct involvement not present here, there is no indication that the amicus in these cases used their briefs to duplicate a litigant's position, as Verizon has done here.

### III. CONCLUSION

For all these reasons, Verizon's motion for leave to file its amicus brief should be denied.

Dated:  June 5, 2015						Respectfully submitted,

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

By:  *s/Nimish R. Desai*

Michael W. Sobol (CA 194857)
msobol@lchb.com
Nimish R. Desai (CA 244953)
ndesai@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  415.956.1000
Facsimile:  415.956.1008

Nicholas Diamand
ndiamand@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Telephone:  212.355.9500
Facsimile:  212.355.9592

Hank Bates (CA 167688)
hbates@cbplaw.com
CARNEY BATES & PULLIAM PLLC
11311 Arcade Drive, Suite 200
Little Rock, AR  72212
Telephone:  501.312.8500

Bradley S. Clanton
brad@clantonlegalgroup.com
CLANTON LEGAL GROUP PLLC
627 Mohawk Avenue
Jackson, MS 39216
Telephone:  601-454-8794
Facsimile:  866-421-9918

*Attorneys for Plaintiffs and the Proposed Class*