1
2
3
4
5
6
7
8
9      IN THE UNITED STATES DISTRICT COURT
10
       FOR THE NORTHERN DISTRICT OF CALIFORNIA
11
12
       ANTHONY HENSON and WILLIAM                    No. C 15-01497 JSW
13     CINTRON,

14              Plaintiffs,
                                                     **ORDER GRANTING MOTION TO**
15       v.                                          **DISMISS WITH LEAVE TO AMEND**

16     TURN, INC.,

17              Defendant.

18                                               /

19

20          This matter comes before the Court upon consideration of the motion to dismiss the

21     complaint filed by Defendant Turn, Inc. ("Turn").  The Court has considered the parties' papers,

22     relevant legal authority, the record in this case, and it HEREBY GRANTS Turn's motion.

23                                        **BACKGROUND**

24          Plaintiffs are residents of New York and subscribers of Verizon's mobile cellular and data

25     service for use with Internet-enabled smartphones.  (Complaint ("Compl." at ¶¶ 16, 17.)  Defendant

26     Turn operates as an online advertising clearinghouse for online companies to general targeted

27     advertising programs.  (*Id.* ¶ 19.)  Verizon partnered with Turn to implement such a targeted

28     advertising program that uses Verizon's Unique Identifier Header ("UIDH") to help online

1  advertisers deliver relevant advertisement to subscribers based upon the usage data from their

2  mobile devices.  The UIDH is a device-specific anonymous identifier that Verizon adds to Internet

3  requests transmitted over its wireless network.

4  Verizon provides to its partners, including Turn, information about the market segments

5  associated with the UIDHs for subscribers, which the partners then use to direct advertising

6  campaigns to the specific audiences they are intended to reach.  As Plaintiffs contend, the allure of

7  online advertising lies in its ability to deliver targeted advertising, catered to the individual web

8  traffic patterns of the individual subscriber.  (*Id.* ¶¶ 25-27.)  The tracking of online users'

9  information is achieved by use of "cookies" – pieces of text files stored in the browser that contain

10  information that can be used to recognize the user across multiple visits and application.  (*Id.* ¶ 27;

11  *see also* Reply at 1 n.1.)

12  However, as the technology developed to track users' Internet traffic information for the

13  purpose of delivering targeted advertisements, and in light of widespread privacy concerns, major

14  web browsers created features to allow users to delete the tracking cookies from their web sessions.

15  (*Id.* ¶ 30.)  Plaintiffs allege that Turn violated users' reasonable expectations of privacy by creating

16  zombie cookies which monitored their behavior surreptitiously and that users could not detect, delete

17  or block.  (*Id.* ¶¶ 34-35.)  Based on these allegations, Plaintiffs filed this putative class action suit for

18  violation of New York General Business Law section 349 for "deceptive acts or practices in the

19  conduct of any business, trade or commerce" and for trespass to chattels.  (*Id.* ¶¶ 75-83; 84-93.)

20  Turn originally filed a motion to dismiss, or in the alternative to stay, this action to compel

21  arbitration based on their status as a non-signatory to the agreements between the subscriber

22  plaintiffs and their service provider, Verizon.  The Court granted the motion compelling arbitration

23  but its decision was reversed on appeal.  Upon remand to this Court, Turn now moves to dismiss

24  action on the merits.

25  The Court shall address other, relevant facts in the remainder of this order.

26  //

27  //

28  //

2

**ANALYSIS**

**A.    Legal Standard on Motion to Dismiss.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted.  The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted).  However, documents subject to judicial notice may be considered on a motion to dismiss. In doing so, the Court does not convert a motion to dismiss to one for summary judgment. *See Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir.1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).

**B.      Request for Judicial Notice.**

In the course of their briefing on the motion to dismiss, Plaintiffs make a request that this Court take judicial notice of the Federal Trade Commission ("FTC") decision and order regarding this conduct, complaint and consent decree and order.  These are matters of public record.  However, Plaintiffs seeks to introduce these documents for the truth of the matters asserted therein.  As Turn expressly represented in the course of the FTC procedure, it "neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Decision and Order."  (Request for Judicial Notice ("RJN"), Dkt. No. 82, Ex. A at 1.)  The Consent Decree explicitly states that it "does not constitute either an adjudication on the merits or a factual or legal finding regarding any compliance or noncompliance with the requirements of the Communications Laws."  (RJN Ex. C at ¶ 29.)  In addition, the Court may not take judicial notice of settlement evidence to support the "validity . . . of a disputed claim," as such evidence is inadmissible under Federal Rule of Evidence 408.  Accordingly, the Court DENIES Plaintiffs' request to take judicial notice of the FTC proceedings documents.

**C.      Motion to Dismiss New York General Business Law Section 349 Claim.**

Section 349(a) of the New York General Business Law declares as unlawful "[d]eceptive acts and practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state."  N.Y. Gen. Bus. Law § 349(a).  There exists a private right of action for "any person who has been injured by reason of any violation of this section."  N.Y. Gen. Bus. Law § 349(h).  To state a claim under this section, a plaintiff must prove that "(1) the challenged act or practice was consumer-oriented, (2) it was deceptive or misleading in a material way, and (3) the plaintiff has been injured by reason thereof." *Mount v. PulsePoint, Inc.*, 2016 WL 5080131, \*10 (S.D. N.Y. Aug. 17, 2016) (citing *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y. 2d 20, 25 (1995)).  There is no dispute here that the conduct here was directed at consumers; Turn disputes that Plaintiffs have stated a claim that there was any deceptive act or that they suffered any injury.

4

### 1. Deceptive Act.

The New York courts have adopted an "objective definition of deceptive acts and practices, whether representations or omissions, limited to those likely to mislead a reasonable consumer acting reasonably under the circumstances." *Oswego*, 85 N.Y. 2d at 26. This provision only prohibits deceptive business practices targeted at consumers, not all business practices that consumers may find improper. *See Schelessinger v. Valspar Corp.*, 21 N.Y.3d 166, 172 (2013) ("Section 349 does not grant a private remedy for every improper or illegal business practice, but only for conduct that tends to deceive consumers.").

Turn argues that its conduct, while perhaps not pleasing to the plaintiff consumers, does not constitute deceptive conduct because a reasonable consumer would know that deleting old cookies does not block the reoccurrence of new cookies with the same information as the old, deleted ones. (*See* Reply at 3, citing *Pelman v. McDonald's Corp.*, 237 F. Supp. 2d 512, 529 (S.D.N.Y. 2003) (holding that omissions were not deceptive if "a consumer could . . . reasonably obtain such information" from sources other than defendants).) Turns contends that "a reasonable consumer has no basis to assume, *as a general matter*, that a company will not or cannot use identifiers embedded in web traffic to uniquely recognize users." Reply at 4 n.4.

The Court finds Plaintiffs' contention sufficient, at least at the pleading phase, that the allegations that Plaintiffs were unaware, and reasonably unaware, that their deleting of old cookies did not block the return of the same cookies carrying the same detailed information. The question of whether the failure to disclose the nature of how the cookies work to defeat the deletion would mislead a reasonable consumer is sufficient to withstand the motion to dismiss. *See, e.g., Fero v. Excellus Heath Plan, Inc.*, 236 F. Supp. 3d 735, 776 (W.D.N.Y. 2017) ("Defendants' failure to disclose the purportedly inadequate security measures would mislead a reasonable consumer. At least at the pleading stage, these allegations are sufficient."); *see also Quinn v. Walgreen Co.*, 958 F. Supp. 2d 533, 544 (S.D.N.Y. 2013) (holding that the inquiry focused on whether a reasonable consumer would have been misled by certain conduct is typically an "issue of fact the Court cannot resolve on a motion to dismiss.").

1 **2. Injury.**

2 To successfully allege a claim under Section 349, however, Plaintiffs must also identify a

3 cognizable injury. To establish a claim, Plaintiffs must identify a "connection between the

4 misrepresentation and any harm from, or failure of, the product." *Small v. Lorillard Tobacco Co,*,

5 720 N.E.2d 892, 898 (N.Y. 1999).

6 Plaintiffs allege that "[a]s a result of Turn's deceptive acts and practices, Plaintiffs and Class

7 members were injured and damaged in that they suffered a loss of privacy through tracking and

8 collection of their personal and private information; were denied use of the privacy controls and

9 settings on their mobile devices, including the ability to clear or delete third-party tracking cookies

10 and browsing history; had their devices persistently infected with zombie cookies they could not

11 delete or remove; and had their personal and confidential information used by Turn for its own

12 commercial gain without the consumers' knowledge or consent." (Compl. ¶ 82.)

13 State courts in New York have held that "similar invasion-of-privacy allegations do not meet

14 the [General Business Law]'s injury requirement." *Cohen v. Casper Sleep, Inc.*, 2018 WL 3392877,

15 at *8 (S.D.N.Y. July 12, 2018) (gathering cases); *see also, e.g., Smith v. Chase Manhattan Bank,*

16 *U.S.A., N.A.*, 741 N.Y.S.2d 100, 102 (N.Y. App. Div. 2002) (affirming dismissal of Section 349

17 claim where the harm at issue "is that class members were merely offered products and services

18 which they were free to decline. This does not qualify as actual harm."). Allegations that

19 "surreptitiously collecting [browsing history] information was a 'violation of [plaintiff's] statutorily

20 protected privacy rights' were inadequate" to state the requisite harm. *Cohen*, 2018 WL 3392877, at

21 *8 (citing *PulsePoint*, 2016 WL 5080131, at *11).

22 Plaintiffs contend that this Court should follow the decision in *Bose v. Interclick, Inc.* in

23 which the court found that a mere collection of personal information, and thus an invasion of

24 privacy, could constitute an injury cognizable under Section 349. 2011 WL 434517, at *8-9

25 (S.D.N.Y. Aug. 17, 2011) (citing two cases in which privacy claims presented were linked to

26 confidential financial and medical information to find collection of personal data constituted

27 sufficient injury). This Court finds persuasive the distinction between confidential, individually

28 identifiable information, such as medical records or social security numbers, as opposed to

6

1  anonymized data. *See Cohen*, 2018 WL 3392877, at \*8. Here, Plaintiffs merely plead that Turn

2  collects data that is anonymous and fails to link the data to specific persons. Because Plaintiffs have

3  not alleged that their data is confidential and readily recognizable and identifiable as belonging to

4  any particular person, the Court finds that they have failed to state a cognizable injury. *See Cohen*,

5  2018 WL 3392877, at \*8.

6  Accordingly, the Court GRANTS Turn's motion to dismiss Plaintiffs' claim for violation of

7  New York General Business Law section 349. Plaintiffs are given leave to amend to state, if they

8  can, that the invasion of their privacy and collection of their data can be identified as belonging to

9  any specific person, in order to state a cognizable claim for injury under this provision.

10  **D.     Motion to Dismiss Trespass to Chattels Claim.**

11  Finally, Turn moves to dismiss Plaintiffs' second claim for relief for trespass to chattels. "A

12  trespass to chattels occurs when a party intentionally, and without justification or consent, physically

13  interferes with the use and enjoyment of personal property in another's possession, and thereby

14  harms that personal property." *In re JetBlue Airways Corp. Litig.*, 379 F. Supp. 2d 299, 327

15  (E.D.N.Y. 2005). "[O]ne who intentionally interferes with another's chattel is liable only if the

16  interference results in harm to the owner's materially valuable interest in the physical condition,

17  quality, or value of the chattel, of if the owner is deprived of the use of the chattel, or if the owner is

18  deprived of the use of the chattel for a substantial time." *School of Visual Arts v. Kuprewicz*, 771

19  N.Y.S.2d 804, 807-08 (N.Y. Sup. Ct. 2003) (citations omitted).

20  With regard to the claimed harm to personal property, Plaintiffs summarily allege that Turn's

21  conduct impaired the condition, quality, and value of Plaintiffs' mobile devices, causing them "real

22  and substantial damage." (Compl. ¶ 92.) However, there is no allegation that the placement of the

23  cookies had any noticeable effect on the performance of the devices. *See Del Veccho v.*

24  *Amazon.com, Inc.*, 2012 WL 1997697, at \*5 (W.D. Wash. June 1, 2012) ("It is a matter of common

25  understanding that cookies are minute in size and thus incapable of noticeably affecting the

26  performance of modern computers."). The Court finds no authority for the position that the

27  deprivation of the use of security features, similar to the efficacy of third-party cookie blocker, is

28  sufficient to state a claim for cognizable deprivation of the use of chattel. *See also PulsePoint*, 2016

7

United States District Court

For the Northern District of California

WL 5080113, at \*10 (dismissing trespass to chattels claim where plaintiffs had contended that the deprivation of the third-party cookie blocker feature constituted the harm). "Many harmless electronic intrusions could potentially be recast as deprivations of a particular feature of an application meant to keep the electronic communication out. . . . We think such a holding would upset the principle that no action for trespass lies for harmless intermeddlings with chattel." *Id.*

Because the Court finds there is no support for the allegation of harm to Plaintiffs' personal property, the Court GRANTS Turn's motion to dismiss the claim for trespass to chattels. However, Plaintiffs are given leave to amend to state, again if they can, that the placement of the cookies caused substantial degradation to the functioning of their devices.

## CONCLUSION

Based on the foregoing, the Court GRANTS Turn's motion to dismiss the complaint with leave to amend. Plaintiffs shall file and serve an amended complaint or a statement that no such amended complaint shall be filed within twenty days of the date of this Order, and Turn shall file its response within twenty days thereafter.

**IT IS SO ORDERED.**

Dated: December 17, 2018

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE